# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **D.M. TRANS LLC d/b/a Arrive Logistics,** *Plaintiff* | § § § § | |
| **v.** | § § | Case No. 1:25-cv-00403-RP |
| **YMG LOGISTICS INC.,** *Defendant* | § § § | |

## ORDER

Before the court is Plaintiff D.M. Trans, LLC's Motion for Default Judgment Against Defendant YMG Logistics Inc., filed May 1, 2025 (Dkt. 8). By Text Order entered May 6, 2025, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

The Court must determine whether it has subject matter jurisdiction over this matter. FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

Congress has granted district courts jurisdiction over (1) federal question cases – suits "arising under" federal law, and (2) diversity cases – suits between citizens of different states as to any matter valued at more than $75,000. 28 U.S.C. §§ 1331, 1332. Plaintiff alleges in its Complaint that this Court has diversity jurisdiction because "the damages at issue are of amount within the jurisdictional limits of the Court and the parties have diverse citizenship." Complaint, Dkt. 1 ¶ 8.

To properly allege diversity jurisdiction, Plaintiff must allege "complete diversity." That means "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *SXSW, LLC v. Fed. Ins.*, 83 F.4th 405, 407 (5th Cir. 2023) (citation omitted).

Plaintiff alleges that it is a limited liability company, organized under the laws of the State of Texas with a principal place of business located in Austin, Texas. Dkt. 1 ¶ 1. Plaintiff further alleges that Defendant is a California stock corporation with a principal place of business in Fontana, California. *Id.* ¶ 3.

Citizenship under § 1332 of a limited liability company is determined by the citizenship of "all of its members." *SXSW*, 83 F.4th at 407. To establish diversity jurisdiction in a suit by or against an LLC, a party "must specifically allege the citizenship of every member of every LLC." *Id.* (citation omitted).

Plaintiff does not allege facts sufficient to show that there was complete diversity between all its members and Defendant when it filed its Complaint on March 17, 2025. *See SXSW*, 83 F.4th at 408 ("For diversity jurisdiction, we look to citizenship at the time the complaint was filed."). For that reason, Plaintiff has not made "clear, distinct, and precise" affirmative jurisdictional allegations to show that diversity jurisdiction exists. *Id.* at 407.

Because Plaintiff has not presented sufficient evidence of subject matter jurisdiction, the Court **ORDERS** it to file a brief by **June 25, 2025**, identifying:

1. the citizenship of all members of Plaintiff D.M. Trans LLC;
2. any differences between LLC membership and LLC ownership, and how that affects the citizenship of each LLC member;
3. whether there was complete diversity of each member and individual when Plaintiff filed its Complaint on March 17, 2025; and

4. any other issues germane to whether this Court has jurisdiction over this matter.

**SIGNED** on June 10, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE